IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEMUEL ROBERT HALL                                                                              PLAINTIFF

VS.                                              CASE NO. 06-CV-4065

VERNON ROGER HALL,
CHAD DOWDLE, and SHERIFF
JOHN PARTAIN, Sevier County Sheriff                                                     DEFENDANTS

### MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed on behalf of Officer Chad Dowdle and Sevier County Sheriff John Partain ("County Defendants"). (Doc. 30). Also before the Court is Plaintiff Lemuel Robert Hall's Motion to Dismiss. (Doc. 35). Following a hearing on pretrial motions, the Court dismissed Plaintiff's claims against his brother, Vernon Roger Hall. (Doc. 33). Plaintiff has subsequently filed a motion for voluntary dismissal of the remainder of his claims without prejudice. (Doc. 35). The Court finds these matters ripe for consideration.

### I. BACKGROUND

Lemuel Hall brings this lawsuit pursuant to 42 U.S.C. § 1983, seeking redress for purported violations of federal and state law against his brother, Vernon Roger Hall, and County Defendants Chad Dowdle and Sheriff John Partain. The series of events of which Plaintiff complains began with the filing of a report with the Social Security Administration which lead to the termination of Plaintiff's Social Security disability benefits. Plaintiff alleges that his brother, Vernon Roger Hall, was responsible for the filing of the report, which Plaintiff contends contained false statements. Plaintiff is a permanently disabled veteran dependant upon Social Security disability benefits. In response to the report and the benefits termination, Plaintiff attempted to contact Vernon Roger Hall to reach a "peaceful and equitable resolution" of the misunderstanding that led to the termination of

Plaintiff's disability benefits. (Doc. 1-1, pg. 3). No peaceful resolution could be reached, however. Instead, Plaintiff alleges, Vernon Roger Hall sought criminal harassment charges against Plaintiff based upon Plaintiff's attempts to resolve the problem. (Doc. 1-1, pg. 3). Upon learning of the criminal charges filed against him, Plaintiff then went to the Sevier County Sheriff's Department, where Officer Chad Dowdle, a defendant named herein, "[o]rdered [Plaintiff] to cease communications and contact with Vernon Roger Hall." Plaintiff alleges complete compliance with this instruction from Officer Dowdle, and now challenges the same as an unconstitutional violation of his First and Fourteenth Amendment rights.

After his trip to the Sevier County Sheriff's Department, things turned ugly between Plaintiff and Vernon Roger Hall. Plaintiff alleges that Vernon Roger Hall subjected him to "[u]nlawful entry, battery, and theft of prescription medications." (Doc. 1-1, pg. 5). Plaintiff made another visit to the Sevier County Sheriff's Department to complain of his brother's actions, and again, Officer Dowdle "dismissed such claims ... and abandoned [Plaintiff] to fend for himself." (Doc. 1-1, pg. 5). After receiving treatment at the VA Hospital necessitated by the theft of his prescription medications, Plaintiff visited Sevier County Sheriff John Partain concerning the conduct of Officer Dowdle in response to Plaintiff's complaints. Plaintiff alleges that Sheriff Partain initially agreed with Plaintiff that Officer Dowdle's actions were inappropriate, but no formal reprimand was issued.

Plaintiff also complains that he received "an anonymous taunting via the U.S. Mail" containing an image which depicted Plaintiff and his family "as farm animals with obscene language captioned." (Doc. 1-1, pg. 6). Plaintiff suspects, since the anonymous communication was "dispatched from a remote location which an immediate family member of Vernon Roger Hall is known to frequent," that the taunting must be connected to Vernon Roger Hall. Plaintiff also

complains of an incident in which he alerted the Sevier County Sheriff's Department to a "suspicious person armed with a firearm" in the wooded thicket near Plaintiff's home. Plaintiff alleges that Vernon Roger Hall lives "within 500 yards of the sighting" and that the incident leaves Plaintiff and his family in "a peril of the most dire of consequences." (Doc. 1-1, pg. 7). Two weeks later, Plaintiff complains that the fresh water plumbing to his house was vandalized when someone severed the electrical power to the water well pump. Plaintiff asserts that the "width of suspects ... is indeed narrow," and suggests that Vernon Roger Hall was behind this incident, as well. (Doc. 1-1, pg. 7). In a final incident, Plaintiff complains that someone broke into his house, and, upon finding the house not to be vacant, quickly escaped. The vehicle used in the escape, Plaintiff alleges, was a "burgundy and silver pickup closely matching that of a vehicle owned by [Defendant] Vernon Roger Hall." (Doc. 1-1, pg. 8).

Each of these incidents and indignities, Plaintiff alleges, was undertaken either by or under the direction of Vernon Roger Hall with the specific intent of intimidating and threatening Plaintiff to the point that the instant lawsuit would not be pursued or maintained. The complaint also alleges that, despite Plaintiff's repeated complaints, Officer Dowdle and Sheriff Partain "expressed absolutely no interest in the health, welfare or personal security" of the Plaintiff. The case is now before the Court on the County Defendants' Motion for Summary Judgment on the remainder of Plaintiff's claims, and Plaintiff Lemuel Hall's motion for voluntary dismissal.

## II.  SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

> show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In resolving a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

III. DISCUSSION

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, seeking redress of purported violations of numerous state and federal statutes. Specifically, Plaintiff alleges violations of 18 U.S.C. § 241 (prohibiting, as a federal crime, acts which conspire to injure, threaten or intimidate another); 18 U.S.C. § 1001 (prohibiting the making of false statements); 18 U.S.C. § 1512 (prohibiting witness, victim and informant tampering); 18 U.S.C. § 1513 (prohibiting acts that retaliate against a witness, victim or informant). Additionally, Plaintiff alleges violations of Ark. Code Ann. § 5-71-209 (defining Arkansas crime of harassing communications); Ark. Code Ann. § 5-3-101 (defining the Arkansas affirmative defense of "conduct not likely criminal in nature"); Ark. Code Ann. § 5-3-201 (defining Arkansas criminal offense of "attempt"); Ark. Code Ann. § 5-13-207 (defining Arkansas crime of assault in the third degree); and Ark. Code Ann. § 5-28-101 (providing various criminal definitions, including "endangered person"). Plaintiff also alleges deprivations of his rights under the First and Fourteenth Amendments.

The purpose of 42 U.S.C. § 1983 is to provide a vehicle for protection against the deprivation of federal rights. *Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 55 L.Ed.2d. 252 (1978). A Plaintiff must establish a clear violation of a constitutional right to prevail on a section 1983 claim. *Mosby v. Mabry*, 697 F.2d 213, 215 (8th Cir. 1983). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, *subjects*, or causes to be subjected, any ... person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ..."

42 U.S.C. § 1983 (emphasis added). "A person subjects another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson*

*v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Importantly, violations of federal and state statutes do not automatically give rise to a civil rights claim under § 1983.  *Frison v. Zebro*, 399 F.3d 994, 998 (8th Cir. 2003).  This is because in order to seek redress through § 1983, a plaintiff must assert the violation of a federal *right,* not merely a violation of federal *law.  Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997); *see also Gonzaga Univ. v. Doe,* 536 U.S. 273, 283, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) ("[I]t is *rights,* not the broader or vaguer 'benefits' or 'interests,' that may be enforced under the authority of [§ 1983].") (emphasis in original).  Section 1983 provides a method of redress only for those federal statutes which "create enforceable rights, privileges, or immunities within the meaning of § 1983." *Wright v. City of Roanoke Redevelopment & Hous. Auth.,* 479 U.S. 418, 423, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987).  The Plaintiff bears the burden to demonstrate that the statute at issue confers a federal right on the plaintiff.  *Arkansas Med. Society, Inc. v. Reynolds,* 6 F.3d 519, 523 (8th Cir.1993).  Here, Plaintiff Lemuel Hall has completely failed to demonstrate his entitlement to bring a lawsuit for violations of federal and state criminal statutes.

In addition, the Supreme Court recently clarified that nothing short of an "unambiguously conferred right" will support a cause of action brought under § 1983. *Gonzaga Univ.,* 536 U.S. at 283, 122 S.Ct. 2268.  The touchstone for determining whether a statute confers a private right of action is congressional intent.  Unless congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.  Where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Thompson v. Thompson,* 484 U.S. 174, 179, 108

S.Ct. 513, 98 L.Ed.2d 512 (1988); *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 94, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981)); *see also Gonzaga Univ.,* 536 U.S. at 286, 122 S.Ct. 2268. It is well-settled that criminal statutes will rarely survive § 1983 analysis. As noted by the Seventh Circuit:

> Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are ... poor candidates for the imputation of private rights of action ... [T]he Supreme Court has been unwilling to treat criminal laws as implying private entitlements ... and has held that the victims of crime therefore lack any legal right to compel a criminal prosecution. That reluctance to form private entitlements from criminal prohibitions blocks the judicial creation of private rights of action as well.

*Chapa v. Adams,* 168 F.3d 1036, 1038 (7th Cir. 1999); *Doe v. Broderick,* 225 F.3d 440, 447-48 (4th Cir. 2000). The Supreme Court historically has been loath to infer a private right of action from "a bare criminal statute," because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group. *West Allis Mem. Hosp., Inc. v. Bowen,* 852 F.2d 251, 254 (7th Cir. 1988); *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981).

In this case, the Court finds that Plaintiff has attempted to create a private right of action where none exists. An examination of the language and structure of the above-cited statutes reveals that none vests in the Plaintiff a private right of action which he can enforce in the case under consideration. The result is that these claims, founded upon federal and state criminal statutes, fail as a matter of law, without raising genuine questions of material fact. Accordingly, to the extent Lemuel Hall asserts claims under § 1983 for violations of the above-cited criminal statutes, the Court must grant County Defendants' Motion for Summary Judgment.

Plaintiff also claims violations of his right to due process under the Fourteenth Amendment.

However, the Due Process Clause "is phrased as a limitation of the State's power to act, not as a guarantee of certain minimal levels of safety and security." *Collins v. City of Harker Heights, Tx.*, 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (quoting *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). The Due Process Clause protects individuals from "the abusive and arbitrary" use of government authority, and not from "the mere accidental effects of lawful actions." *Brown v. City of Elba*, 754 F.Supp. 1551, 1556, (M.D. Al. 1990) (citing *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). The Court is satisfied that, as a matter of law, Plaintiff's claims fail this "abusive and arbitrary" standard. Officer Dowdle merely suggested to Plaintiff that he avoid contact and communication with Vernon Roger Hall. In light of the facts of this case, the Court considers Officer Dowdle's action to be the exercise of good common sense, rather than the abusive and arbitrary use of government authority. Accordingly, the Court must grant County Defendant's Motion for Summary Judgment as to the claims against Officer Chad Dowdle.

Finally, Plaintiff attempts to hold Sheriff Partain liable for alleged deprivations through the doctrine of respondeat superior. However "[t]he doctrine of respondeat superior is inapplicable to actions brought pursuant to [§1983]." *Glick v. Sargent*, 696 F.2d 413, 414-15 (8th Cir. 1983); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978). There must be some personal involvement before a defendant may be held liable under § 1983. *See, e.g., Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). A supervisor will not be held liable for a constitutional deprivation unless his failure to train or supervise his officers causes a deprivation or unless he directly participates in the constitutional violation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Webster v. Gibson*, 913 F.2d 510, 514 (8th Cir. 1990); *Bolin v. Black*, 875 F. 2d 1343, 1347

(8th. Cir. 1989). Careful review of the complaint reveals that Plaintiff does not charge Sheriff Partain with any act or omission which caused the constitutional deprivations at issue in this case. In the alternative, if Plaintiff had claimed that Sheriff Partain participated in the alleged constitutional deprivations, the claims as a whole against County Defendants fail to reach the standard of abusive and arbitrary conduct. *See Daniels*, 474 U.S. at 333. Thus, the Court must grant County Defendant's Motion for Summary Judgment as to Plaintiff's claims against Sheriff John Partain.

## IV. CONCLUSION

For the reasons stated herein and above, County Defendants Chad Dowdle and Sheriff John Partain's Motion for Summary Judgment should be and hereby is **GRANTED**. It follows that Plaintiff is not entitled to a voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41. Accordingly, Plaintiff's Motion to Dismiss should be and hereby is **DENIED**. Plaintiff's claims against Officer Chad Dowdle and Sheriff John Partain are hereby **DISMISSED WITH PREJUDICE**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 23rd day of February, 2007.

      /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge